ANDREW C. HARRIS (SBN 208706)
acharris@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7755

Attorneys for Plaintiff
GRANITE RE, INC. DBA GRANITE SURETY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GRANITE RE, INC. doing business as GRANITE SURETY INSURANCE COMPANY,

Plaintiff,

vs.

CITY OF HERMOSA BEACH,

Defendant.

CASE NO. 2:23-cv-1548

**PLAINTIFF GRANITE RE, INC. DOING BUSINESS AS GRANITE SURETY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff GRANITE RE, INC. DOING BUSINESS AS SURETY INSURANCE COMPANY ("PLAINTIFF") hereby provides its Complaint and alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction over this civil action. This court has diversity jurisdiction under 28 U.S.C. § 1332, in that this action is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand ($75,000.00) dollars.

2. Venue is proper in this judicial district because the activities complained of and/or obligations sued upon herein, arose within this judicial district and Defendant conducts business in Los Angeles County, California. Additionally, Defendant is subject to personal jurisdiction in the Central District of California.



Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**PARTIES**

3. At all times mentioned herein, Defendant CITY OF HERMOSA BEACH ("DEFENDANT") was, and is now, a public entity existing under and by virtue of the laws of the State of California and is and was duly charged with the responsibility to administer the public works contract and Project at issue herein.

4. At all times mentioned herein, PLAINTIFF was, and is now, a corporation organized under the laws of the State of Minnesota, with its principal place of business in Oklahoma City, Oklahoma.

5. PLAINTIFF is an admitted surety insurer in the State of California, in the course of which it issues contractor's surety bonds, among other bonds, and lines of insurance through the name GRANITE SURETY INSURANCE COMPANY. PLAINTIFF is qualified and authorized to transact surety business and is doing business throughout the State of California, including the County of Los Angeles.

**GENERAL ALLEGATIONS**

6. PLAINTIFF is informed and believes, and thereon alleges, that, on or about July 22, 2021, AID Builders, Inc. ("AID") entered into a written agreement with DEFENDANT ("Bonded Contract") wherein AID agreed to perform certain construction services on a public work of improvement commonly known as CIP 669 Public Park Restrooms, located in the City of Hermosa Beach, California ("Project") wherein DEFENDANT was the owner. The Project consists of construction and/or remodeling of restrooms and solar power structures at five (5) public parks in the City of Hermosa Beach.

7. PLAINTIFF is informed and believes, and thereon alleges, that, on or about July 29, 2021, PLAINTIFF, as surety, issued a payment bond and a performance bond ("Performance Bond") on behalf of AID, as principal. The Performance Bond is identified as bond number GRCA53188 and is in the penal amount of $1,750,000. DEFENDANT, as Project owner, is the obligee on the

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

bonds. A true and correct copy of the Performance Bond is attached hereto as **Exhibit A**.

8. PLAINTIFF is informed and believes, and thereon alleges, that, on or about August 16, 2022, DEFENDANT terminated AID for default on the Project.

9. PLAINTIFF is informed and believes, and thereon alleges, that, on or about August 16, 2022, DEFENDANT made a claim against PLAINTIFF's Performance Bond.

10. PLAINTIFF is informed and believes, and thereon alleges, that PLAINTIFF immediately, upon receipt of DEFENDANT's Performance Bond claim, commenced its investigation of the claim. In furtherance of PLAINTIFF's investigation of DEFENDANT's claim, PLAINTIFF retained and obtained advice from construction and structural engineering consultants.

11. PLAINTIFF is informed and believes, and thereon alleges, that, from the inception of PLAINTIFF's investigation and up through February 2023, PLAINTIFF requested information and documentation from DEFENDANT in order to allow PLAINTIFF to evaluate DEFENDANT's Performance Bond claim.

12. PLAINTIFF is informed and believes, and thereon alleges, that, PLAINTIFF also engaged in numerous and extensive meet and confer negotiations with DEFENDANT over several months in order to evaluate the scope of work alleged by DEFENDANT as needing completion and/or repair and the scope of repairs that would be acceptable to DEFENDANT.

13. PLAINTIFF is informed and believes, and thereon alleges, that, despite PLAINTIFF's numerous requests for information and documentation and extensive meet and confer efforts with DEFENDANT, the scope of work alleged by DEFENDANT as needing completion and/or repair and the scope of acceptable repairs was constantly being supplemented, revised and changed by DEFENDANT.

/ / /

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

14. PLAINTIFF is informed and believes, and thereon alleges, that, there are and were ongoing disputes between PLAINTIFF and DEFENDANT regarding numerous deficiencies in the design that DEFEENDANT, as owner, provided, which impacted the scope of work that DEFENDANT was requesting to be repaired and/or completed and the method for completion and/or repair of the work on the PROJECT.

15. PLAINTIFF is informed and believes, and thereon alleges, that, PLAINTIFF contends and DEFENDANT disputes that PLAINTIFF is liable for the costs and damages associated with the design defects.

16. PLAINTIFF is informed and believes, and thereon alleges, that, in a continuing effort to evaluate DEFENDANT's claim on the Performance Bond and allow for completion and repair work on the Project, PLAINTIFF expended significant time and effort to prepare and coordinate a Request for Proposals wherein PLAINTIFF, through its consultant, requested that prospective contractors submit proposals for completion and repair on the Project. PLAINTIFF's Request for Proposal was issued to prospective completion contractors on or about January 3, 2023.

17. PLAINTIFF is informed and believes, and thereon alleges, that, on or about January 31, 2023, PLAINTIFF received proposals from prospective contractors for completion and repair of the work on the Project.

18. PLAINTIFF is informed and believes, and thereon alleges, that, on or about February 1, 2023, PLAINTIFF shared the proposals that PLAINTIFF had received with DEFENDANT.

19. PLAINTIFF is informed and believes, and thereon alleges, that, by February 2, 2023, DEFENDANT already indicated that it intended to proceed with a prospective contractor from which DEFENDANT had received a proposal. DEFENDANT did not provide any information or documentation evidencing the reasons why DEFENDANT did not want to consider the proposals obtained by

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

PLAINTIFF. DEFENDANT also never provided the information previously requested by PLAINTIFF regarding the contractor that DEFENDANT intended to use for completion of the Project.

20. PLAINTIFF is informed and believes, and thereon alleges, that, on or about February 2, 2023, based upon the information and documentation available, PLAINTIFF's understanding of DEFENDANT's election to proceed with its own completion contractor rather than the bidders obtained by PLAINTIFF and PLAINTIFF's evaluation of DEFENDANT's Performance Bond claim, PLAINTIFF proposed payment to DEFENDANT in the sum of $218,104.33 comprising the difference between the remaining contract balance and the completion costs of DEFENDANT's chosen contractor for the scope that PLAINTIFF deemed to be undisputed.

21. PLAINTIFF is informed and believes, and thereon alleges, that, to date, DEFENDANT has not provided information regarding DEFENDANT's election not to use the bidders obtained by PLAINTIFF, has not provided additional information regarding the DEFENDANT's chosen bidder, and has not agreed to PLAINTIFF's proposed payment to DEFENDANT of $218,104.33. PLAINTIFF is also informed and believes, and thereon alleges, that DEFENDANT is asserting over $400,000 in liquidated damages against PLAINTIFF in connection with the Project, which alleged liability and amount PLAINTIFF disputes.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Against Defendant DEFENDANT)

22. PLAINTIFF incorporates by reference 1 through 21, above, as though fully set forth herein.

23. PLAINTIFF is informed and believes, and thereon alleges, that an actual controversy has arisen and now exists between PLAINTIFF and the DEFENDANT in that PLAINTIFF contends and DEFENDANT denies that: (1)

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

PLAINTIFF has no further liability to DEFENDANT under the Performance Bond beyond the $218,104.33 that PLAINTIFF proposed to pay to DEFENDANT; (2) PLAINTIFF is not liable to DEFENDANT for costs associated with defects in the design that was provided by DEFENDANT on the Project; and (3) PLAINTIFF is not liable to DEFENDANT for any delay related damages, including but not limited to the alleged liquidated damages.

24. PLAINTIFF desires a judicial determination of the respective rights and duties of PLAINTIFF and the DEFENDANT with respect to the Performance Bond. In particular, PLAINTIFF desires a judicial determination that: (1) PLAINTIFF has no further liability to DEFENDANT under the Performance Bond beyond the $218,104.33 that PLAINTIFF proposed to pay to DEFENDANT; (2) PLAINTIFF is not liable to DEFENDANT for costs associated with defects in the design that was provided by DEFENDANT on the Project; and (3) PLAINTIFF is not liable to DEFENDANT for any delay related damages, including but not limited to the alleged liquidated damages.

25. WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT as set forth below.

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT as follows:

1. For a declaration of the rights and obligations of PLAINTIFF and the DEFENDANT in connection with the Performance Bond, including a declaration that: (1) PLAINTIFF has no further liability to DEFENDANT under the Performance Bond beyond the $218,104.33 that PLAINTIFF proposed to pay to DEFENDANT; (2) PLAINTIFF is not liable to DEFENDANT for costs associated with defects in the design that was provided by DEFENDANT on the Project; and (3) PLAINTIFF is not liable to DEFENDANT for any delay related damages, including but not limited to the alleged liquidated damages.

2. That PLAINTIFF be awarded its reasonable attorneys' fees and costs incurred in connection with this action, as allowable by contract and/or law according to proof;

3. For an order exonerating PLAINTIFF from any and all liability to DEFENDANT under the Performance Bond; and

4. For such other and further relief as the Court may deem just and proper.

Dated: March 1, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________

Andrew C. Harris
acharris@grsm.com
Attorneys for Plaintiff
GRANITE RE, INC. DOING BUSINESS AS GRANITE SURETY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614